# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | | |
|---|---|---|
| ROBERT CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:21-cv-02207KHV-JPO |
| | ) | |
| BLUE VALLEY SCHOOL DISTRICT, | ) | JURY TRIAL DEMAND |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

COMES NOW Plaintiff Robert Clark, by and through the undersigned counsel of record, and for his First Amended Complaint against Defendant Blue Valley School District hereby states and alleges as follows:

## NATURE OF THE ACTION

1.   This is an action for disabilities discrimination under the Americans with Disabilities Act ("ADA") as Plaintiff was subjected to unlawful discrimination based on his status as an individual with a disability while an employee of Defendant Blue Valley School District. Defendant unlawfully discriminated against plaintiff Robert Clark in the terms and conditions of his employment on the basis of his disability.

## THE PARTIES

2.   Plaintiff Robert Clark ("Plaintiff") resides in Harrisonville, Cass County, Missouri.

3.   Defendant Blue Valley School District (hereinafter "Defendant Blue Valley") located in the State of Kansas and is responsible for the disability discrimination of Plaintiff. Defendant can be served through its Superintendent Dr. Tonya Merrigan at Blue Valley School District, 15020 Metcalf Avenue, Overland Park, Kansas 66283.

1

## JURISDICTION AND VENUE

4.  Original federal question jurisdiction over this suit is conferred on this Court by 28 U.S.C § 1331.

5.  All conditions precedent to jurisdiction have occurred or been complied with, in that Plaintiff filed his administrative charge in a timely manner with the Equal Employment Opportunity Commission ("EEOC"). A copy of the charge is attached hereto as Exhibit A.

6.  The EEOC issued Plaintiff a Notice of Right to Sue and this lawsuit if filed within ninety (90) days of issuance. A copy of the Right to Sue is attached as Exhibit B.

## GENERAL ALLEGATIONS

7.  Defendant Blue Valley hired Plaintiff as a HVAC Technician on September 17, 2012.

8.  Throughout Plaintiff's tenure in this position, he was qualified for the position and performed his job duties more than satisfactorily.

9.  On or around May 18, 2020 and May 19, 2020, Plaintiff had been working on motors and had felt a "pull".

10. On May 20, 2020, Plaintiff was driving to work and could barely move his head and neck due to soreness and stiffness.

11. Plaintiff told his supervisor, Lawrence Paxton, that he needed to go to the chiropractor and was given permission to do so by Mr. Paxton.

12. Plaintiff went to his chiropractor that day.

13. Plaintiff was kept off work the rest of the week and then sent for an MRI which found a bulging disc at C4/C5 as well as a mass at the base of his skull.

14. Per Plaintiff's doctors, he was not supposed to work.

15. During June 2020, Plaintiff's FMLA ended without notice to Plaintiff.

16. With regard to his FMLA, Plaintiff had not been told his "balance" or how it was calculated.

17. Defendant Blue Valley, by and through Jean Higginbotham, then notified Plaintiff that he had "voluntarily resigned" because he had not shown up for work when his FMLA lapsed.

18. Plaintiff told Defendant Blue Valley and Ms. Higginbotham that he had no intention of "voluntarily resigning" and he had no notice that his FMLA had ended.

19. Plaintiff had made a disability claim which was confirmed on July 9, 2020.

20. On July 31, 2020, Plaintiff received another letter approving and confirming his short-term disability claim.

21. On or about July 31, 2020, Plaintiff spoke with Ms. Higginbotham who told him that Plaintiff was terminated, but Defendant called it "voluntarily resigning".

22. On or about July 31, 2020, Plaintiff spoke with Maureen Liggett about his short-term disability benefits and/or claim.

23. On August 3, 2020, Plaintiff received a certified letter dated July 31, 2020 from Ms. Higginbotham stating his separation of employment with Defendant Blue Valley.

24. Throughout Plaintiff's employment, the employees of Defendant Blue Valley listed herein failed to prevent or correct the discriminatory behavior from occurring and instead retaliated against Plaintiff.

25. At all times relevant herein, the above-named individuals were agents, servants and employees of Defendant Blue Valley and were at all times acting within the scope and course of their agency and employment, or their actions were expressly authorized and ratified by Defendant Blue Valley. Therefore, Defendant Blue Valley is liable for the actions of said persons and/or perpetrators under all theories pled herein.

**COUNT I:**
**ADA-Disability Discrimination**
**42 U.S.C. § 12101, *et seq.***

26. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

27. Defendant Blue Valley discriminated against Plaintiff in the terms and conditions of his employment.

28. At all relevant time, Plaintiff was disabled within the meaning of the ADA.

29. Defendant Blue Valley's termination of Plaintiff due to his disability constitutes discriminatory conduct.

30. Plaintiff's disability was a factor in the discriminatory conduct he experienced and suffered.

31. The discriminatory conduct included, but was not limited to, Plaintiff's unlawful termination. Defendant Blue Valley engaged in conduct that is prohibited by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

32. Plaintiff's terms and conditions of employment were adversely affected as a result of Defendant Blue Valley's conduct.

33. Defendant Blue Valley's conduct caused Plaintiff degradation, humiliation, anxiety and emotional distress.

34. The conduct described herein would have detrimentally affected a reasonable person in Plaintiff's position.

35. Management level employees perpetuated the discrimination based on Plaintiff's status as a disabled individual, including terminating Plaintiff because of his disability.

36. In addition, management level employees knew or should have known of the discrimination based on Plaintiff's disability, but failed to address the discrimination and further failed to implement effective and appropriate procedures to stop the discrimination.

37. The actions and conduct set forth herein were outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Plaintiff and therefore Plaintiff is entitled to punitive damages from Defendant Blue Valley to punish and deter Defendant Blue Valley and others from like conduct.

WHEREFORE, Plaintiff Robert Clark prays for judgment in his favor and against Defendant Blue Valley School District on Count I of his Complaint, for a finding that he has been subjected to unlawful discrimination as prohibited by 42 U.S.C. § 12101, *et seq.*; for an award of compensatory and punitive damages, for his costs expended, for his reasonable attorneys' fees and for such other relief as this Court deems just and proper.

## **COUNT II:**
## **Retaliation**

38. Plaintiff reasserts the allegations set forth in the preceding paragraphs as if fully set forth herein.

39. Plaintiff engaged in protected activity that is protected by the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. as described above.

40. Plaintiff suffered adverse employment action in that he was terminated from employment after engaging in protected activity under the ADA.

41. As a result of and in retaliation for engaging in the protected activities described above, Plaintiff was subjected to adverse employment actions.

42. In retaliation for the exercise of Plaintiff's protected activities, Defendant Blue Valley terminated Plaintiff.

43.     There is a causal connection between Plaintiff's exercise of protected activity and his termination.

44.     As a direct and proximate result of the unlawful conduct of Defendant Blue Valley as set forth herein, Plaintiff has suffered damages which include emotional distress, pain and suffering, past and future loss of wages and benefits, lost value of anticipated retirement benefits, detrimental job record, career damage, mental distress in the form of embarrassment, degradation, humiliation, anxiety, loss of enjoyment of life, loss of sleep, and other nonpecuniary losses.

45.     The conduct of Defendant Blue Valley was intentional, malicious, in conscious disregard for the rights of Plaintiff and others similarly situated, and reflected a conscious indifference to Plaintiff's federally protected rights, entitling Plaintiff to an award of punitive damages.

46.     Plaintiff is entitled to recover all of his costs, expenses, and attorneys' fees incurred in this matter as well as other appropriate, including equitable, relief.

WHEREFORE, Plaintiff Robert Clark prays for judgment in his favor and against Defendant Blue Valley School District on Count II of his Complaint, for an award of compensatory and punitive damages, for his costs expended, for his reasonable attorneys' fees and for such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby requests trial by jury of all issues triable by jury.

Respectfully submitted,

**LAUREN ALLEN, LLC**

By: */s/ Lauren Perkins Allen*
Lauren Perkins Allen, #20116
4717 Grand Avenue, Suite 130
Kansas City, Missouri 64112
Telephone: 816.877.8120
Facsimile: 816.817.1120
Email: lpa@laurenallenllc.com
**ATTORNEY FOR PLAINTIFF**

**Plaintiff designates the place of trial as Kansas City, Kansas.**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via the Court's electronic filing system on this 20th day of July 2021, which sent notification to counsel of record.

*/s/ Lauren Perkins Allen*