IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

ROBERT CLARK,

    Plaintiff,

v.                                         Case No. 21-2207-KHV

BLUE VALLEY SCHOOL DISTRICT,

    Defendant.

## ORDER AND REPORT AND RECOMMENDATION

The plaintiff, Robert Clark, brings this suit against his former employer, defendant Blue Valley School District, alleging disability-discrimination and retaliation claims under the Americans with Disabilities Act ("ADA"). Plaintiff filed his original complaint on May 4, 2021,[1] and filed a first amended complaint on July 20, 2021.[2] Plaintiff now moves to amend his first amended complaint (ECF No. 27) in the following six ways: (1) amend the name of defendant to "Blue Valley Unified School District 229"; (2) in paragraph six, replace "EEOC" with "U.S. Department of Justice, Civil Rights Division"; (3) amend paragraph 19 to state that "Defendant made a short-term disability claim on Plaintiff's behalf"; (4) allege defendant's "failure to provide reasonable accommodation"; (5) add as Count III a claim for FMLA retaliation; and (6) add as Count IV a claim for violation of public policy - workers' compensation retaliation.

---

[1] ECF No. 1.

[2] ECF No. 16.

1

Defendant opposes plaintiff's motion only to the extent plaintiff seeks to add a failure-to-accommodate claim, i.e., the fourth of the above-enumerated proposed amendments, arguing the amendment would be futile insofar as plaintiff has not exhausted his administrative remedies as to that claim. Plaintiff has not filed a reply in support of his motion, and the deadline to do so has expired.[3] Because the undersigned U.S. Magistrate Judge, James P. O'Hara, agrees the proposed failure-to-accommodate claim would be futile, he recommends the presiding U.S. District Judge, Kathryn H. Vratil, deny plaintiff's motion to the extent it seeks to assert such a claim.[4] Plaintiff's motion is otherwise granted.

Fed. R. Civ. P. 15(a)(2) provides that, after a certain point, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the court ought to "freely give leave when justice so requires." Although the granting of a motion to amend is within the court's discretion, the Supreme Court has indicated that Rule 15's directive to "freely give leave" is a "mandate . . . to be heeded."[5] "A district court should refuse leave to amend 'only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

---

[3] D. Kan. Rule 6.1(d)(1).

[4] Because the denial of a motion for leave to amend a complaint can be construed as dispositive, the undersigned sets forth his analysis in a report and recommendation to the district judge, who will make the final decision. *See Mackley v. TW Telecom Holdings, Inc.*, 296 F.R.D. 655, 669 (D. Kan. 2014) ("When a court denies a claim as futile on a motion for leave to amend, the denial 'has the identical effect as an order dismissing potential claims' and is therefore dispositive." (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228–29 (D. Kan. 2002))).

[5] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

previously allowed, or futility of amendment.'"[6]  This case is in its early stages, such that most of these amendment concerns do not exist.  But, as earlier indicated, defendant argues the addition of a failure-to-accommodate claim would be futile.

"A proposed amendment is futile if the amended complaint would be subject to dismissal."[7]  In considering whether a proposed amendment is futile, the court uses the same analysis that governs a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim.[8]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[9]  Therefore, the court will only deny an amendment on the basis of futility when, accepting the well-pleaded allegations of the proposed amended complaint as true and construing them in the light most favorable to the plaintiff, the court determines the plaintiff has not presented "enough facts to state a claim to relief that is plausible on its face."[10]  "The party opposing the proposed amendment bears the burden of establishing its futility."[11]

---

[6] *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010) (quoting *Duncan v. Manager, Dep't of Safety, City & Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005)).

[7] *Little v. Portfolio Recovery Assocs., LLC*, 548 F. App'x 514, 515 (10th Cir. 2013) (citing *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999)).

[8] *See Pedro v. Armour Swift-Eckrich*, 118 F. Supp. 2d 1155, 1158 (D. Kan. 2000).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[10] *Little*, 548 F. App'x at 515 (quoting *Twombly,* 550 U.S. at 570).

[11] *Mars v. Novartis Pharm. Corp.,* No. 11-2555, 2012 WL 1288729, at *2 (D. Kan. April 16, 2012).

Defendant argues that plaintiff failed to raise his failure-to-accommodate claim during the EEOC process, and therefore, the claim is futile. The ADA requires a plaintiff to exhaust his administrative remedies before filing suit.[12] "A plaintiff's ADA claim in federal court is limited by the scope of the administrative investigation that can reasonably be expected to follow from the allegations of an administrative charge."[13] In that regard, "the charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim," as "each discrete incident of alleged discrimination or retaliation constitutes its own unlawful employment practice for which administrative remedies must be exhausted."[14]

Here, it's undisputed that plaintiff has filed a charge with the EEOC alleging disability discrimination and retaliation arising from his termination.[15] As defendant observes, however, the Tenth Circuit has concluded that an "administrative charge alleging disability discrimination alone does not automatically exhaust administrative remedies for a failure-to-accommodate claim."[16] Defendant argues the charge does not allege any failure to accommodate by defendant, or that plaintiff ever requested any accommodation. Rather,

---

[12] *Jones v. United Parcel Service, Inc.*, 502 F.3d 1176, 1183 (10th Cir. 2007).

[13] *Lara v. Unified Sch. Dist. #501*, 350 F. App'x 280, 285 (10th Cir. 2009) (citing *Jones*, 502 F.3d at 1186).

[14] *Jones*, 502 F.3d at 1186 (internal quotation marks omitted).

[15] Plaintiff's administrative charge is attached as Exhibit A to his proposed second amended complaint. ECF No. 27-2.

[16] *Lara,* 350 F. App'x at 285 (citing *Jones*, 502 F.3d at 1187).

defendant points out that the charge alleges "[a]ll of the doctors [plaintiff] went to said [plaintiff] was not supposed to work at all."[17]

In declining to file a reply brief in support of his motion to amend, plaintiff implicitly concedes his failure to exhaust administrative remedies with respect to the proposed failure-to-accommodate claim.  The court agrees plaintiff has not exhausted his administrative remedies as to a failure-to-accommodate claim and that the proposed amendment should be denied as futile.

IT IS THEREFORE RECOMMENDED that plaintiff's motion for leave to file a second amended complaint (ECF No. 27) be denied to the extent it seeks to allege, in paragraph 31 of plaintiff's proposed second amended complaint, defendant's "failure to provide reasonable accommodation."

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, file written objections to the report and recommendation.  Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the proposed findings of fact, conclusions of law, or the recommended disposition.  If plaintiff does not timely file his objections, no court will allow appellate review.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a second amended complaint (ECF No. 27) is otherwise granted.

Dated October 25, 2021, at Kansas City, Kansas.

---

[17] *Id.*

                                                <u>s/ James P. O'Hara</u>
                                                James P. O'Hara
                                                U.S. Magistrate Judge